John W. Sweeny, S.
Claimant and decedent entered into an antenuptial agreement on May 19, 1964, providing that after marriage each would waive their respective rights to take as spouses under section 18 of the Decedent Estate Law and in the event that the husband predeceased claimant, his personal representatives would, within one year after his death, pay to claimant $15,000, if death occurred within three years after the marriage. The contract drawn by decedent’s attorney contains the following proviso: ‘ ‘ Such payment is to be made by the Executors or Administrators of the party of the second part and shall be a charge upon all of the estate, real and personal, of which the party of the second part may die seized.”
Three months after the marriage the decedent established a savings account in his name for the sum of $6,000 and in trust for his wife Clara. Decedent at that time left with the bank a copy of the May 19, 1964 agreement. He also directed the bank *17 to note on the account card * ‘ As per agreement of May 19,1964. ’ ’ Decedent, six months thereafter, made an additional deposit in the account in the sum of $2,500. The decedent died approximately six months after making the second deposit. At the time of death the account, including the principal and accrued interest, was in the sum of $8,585.
The executrix delivered to the widow, Clara Katzenstein, the bankbook covering $8,585 and a check for $6,415 making a total of $15,000. The executrix intended those payments to be in satisfaction of the terms of the antenuptial agreement.
The widow cashed the check for $6,415. She now demands an additional payment of $8,585. Her position is that the savings account established by the decedent was the creation of a Totten Trust. That it was not revoked and thus passed to the widow upon the death of the husband. That the filing of the antenuptial agreement with the bank, and the notation on the account card, referring to that agreement, did not in any manner change the character of the trust from that of a pure Totten Trust. That title to the account was vested in the wife, subject to being divested in the event that the husband-settlor survived the wife. That the filed agreement and the account notation were mere surplusage and at the most an unsuccessful attempt to change the character of the trust account.
The court finds it difficult to agree with the claimant that the depositing with the bank a copy of the agreement and insisting on a direct reference to the agreement on the account card, did not remove the trust account from what is generally known as a Totten Trust; that the account was an additional gift to the widow and in no way controlled by the agreement. The acts of the depositor-decedent were decisive acts. He clearly did not intend to have the savings account considered as a gift for his widow.
The decedent by establishing the trust account assured the claimant-widow of payment under the agreement to the amount that would be in the account upon decedent’s death. No other valid reason was presented to reconcile why the decedent established the account with direct references to the antenuptial agreement.
The claimant-widow is bound by the agreement and the account is a partial fulfillment of it.
Petition of Clara S. Katzenstein is dismissed. The claimant-widow is entitled to the proceeds of the account, including the earned payable interest to date of presentation of the account book for payment.